T.C. Memo. 2002-274

UNITED STATES TAX COURT

JOSE A. PEREZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5937-01L.                    Filed October 30, 2002.

Jose A. Perez, pro se.

<u>T. Richard Sealy III</u> and <u>Catherine S. Tyson</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>: This case arises from a petition for review under section 6330(d)[1] of respondent's determination to proceed with a proposed levy to collect petitioner's 1984, 1985, 1986, and 1987 Federal income tax liabilities.  The issue for decision

---

[1] Unless otherwise noted, section references are to the Internal Revenue Code as amended.

is whether respondent may proceed with the proposed levy.  We hold that he may.

## Background

Many of the facts have been stipulated and are so found. The parties' stipulations of fact and the accompanying exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in El Paso, Texas.

Petitioner filed his Federal income tax returns for 1984, 1985, and 1986 on April 5, 1988, and for 1987 on April 15, 1988. Petitioner did not submit payment of any of the amounts shown as due on the returns, and respondent assessed the amounts shown on each return as due on June 6, 1988, including late filing penalties and interest.  These assessments will hereinafter be referred to as the "return assessments".

On June 6, 1988, respondent sent petitioner notice and demand for payment with respect to the return assessments.

On April 17, 1989, respondent placed a lien on certain property of petitioner's with respect to the return assessments.

Upon examination of petitioner's returns, respondent concluded that petitioner's filing status should be changed from head of household to married filing separately, resulting in additional tax liabilities and penalties for 1984, 1985, 1986, and 1987.  Petitioner consented to the immediate assessment of

the foregoing additional tax liabilities and penalties by signing a Form 4549, Income Tax Examination Changes, for 1984 and 1985 on July 26, 1989; a Form 4549 for 1986 on an unknown date;[2] and a CP-2000, Notice of Proposed Changes, for 1987 on March 5, 1990. Respondent assessed the additional tax and penalties for 1984, 1985, and 1986 on September 11, 1989, and for 1987 on June 11, 1990. The foregoing assessments will hereinafter be referred to as the "examination assessments". Respondent sent petitioner notices of intent to levy on March 18, 1991, and June 19, 1995, with respect to the examination assessments.

On May 14, 1997, petitioner signed a Form 900, Tax Collection Waiver, extending the period of limitations on collection activities for, inter alia, 1984, 1985, 1986, and 1987, to December 31, 2000. On March 3, 2000, respondent mailed petitioner a Letter 1058, Final Notice of Intent to Levy and Your Right to a Hearing, covering unpaid taxes for the years 1984 through 1987. On March 7, 2000, petitioner submitted a Form 12153, Request for a Collection Due Process (CDP) Hearing,

_____

[2] Respondent was unable to produce at trial a signed Form 4549 covering 1986. However, the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1986 indicates that the examination assessment for 1986 was made at the same time as those for 1984 and 1985. Based on the timing of this assessment, and on the testimony of one of respondent's employees with knowledge of respondent's certified transcripts of taxpayers' master files, we conclude that petitioner signed a Form 4549 for 1986 at some date prior to respondent's Sept. 11, 1989, assessment of petitioner's additional liabilities resulting from examination for 1986.

covering the years 1984 through 1987, which listed as the taxpayer both himself and his spouse. In an addendum to the Form 12153, petitioner alleged four errors with respect to respondent's proposed collection actions: (1) That he had not received Forms 23C for the years 1984 through 1987; (2) that he had not received notices of deficiency for the years 1984 through 1987; (3) that the Form 900 executed by him was invalid; and (4) that the IRS had failed to publish pertinent data concerning Form 900 in the Federal Register. Petitioner did not raise any spousal defenses or offer any collection alternatives. Petitioner, but not his spouse, signed the Form 12153.

Petitioner's hearing was conducted by an Appeals officer of respondent. A face-to-face meeting between petitioner and the Appeals officer was held. At the hearing, petitioner raised an additional issue to the effect that a levy served on his employer on or about March 18, 1997, was invalid due to lack of proper notice.

During the meeting with petitioner, the Appeals officer provided petitioner with a MFTRA-X version of his transcript of account. Relying on the codes contained in the MFTRA-X transcript, the Appeals officer determined that the respondent had properly assessed petitioner's tax liabilities for 1984, 1985, 1986, and 1987.

On September 7, 2000, the Appeals officer issued petitioner a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330. Therein, the Appeals officer determined that the requirements of all applicable laws and administrative procedures were met. With respect to the issues raised by petitioner, the Appeals officer determined that: (1) The validity of the assessments of petitioner's taxes for 1984 through 1987 need not be established by a Form 23C, but may instead be shown by means of a Form 4340; (2) that notices of deficiency were unnecessary with respect to the years in issue because petitioner had consented to assessment by executing Forms 4549;[3] (3) that the Form 900 signed by petitioner was a valid extension of the period of limitations on collections; and (4) that petitioner's transcript indicated the levy issued to his employer on March 18, 1997, was preceded by three notices. In addition, the Appeals officer determined that consideration of alternative means of collection was prevented by petitioner's continued challenges to the validity of the assessments. The determination concluded that enforced collection was appropriate.

On October 7, 2000, petitioner filed suit in the U.S. District Court for the Western District of Texas, El Paso

---

[3] The Appeals officer examined Forms 4549 executed by petitioner for 1984 and 1985 and, while not retrieving such forms for 1986 and 1987, noted that the latter 2 years involved the same adjustment to filing status as the earlier years and were audited and closed at the same time.

Division (District Court case). In the District Court case, petitioner sought review under section 6330(d) of the Appeals officer's determination, and also sought to quiet title to his property that was subject to the lien placed in April 1989 with respect to his tax liabilities for the years 1984 through 1987. On April 16, 2001, the District Court dismissed the request for review under 6330(d) for lack of jurisdiction but retained jurisdiction over the quiet title action pursuant to 28 U.S.C. sec. 2410(a).

On May 7, 2001, petitioner filed his petition in the instant case.

In the District Court case, petitioner argued that the lien at issue was invalid because: (1) Respondent had not properly assessed his tax liabilities for 1984, 1985, 1986, and 1987; (2) even if the assessments had been made, he did not receive notice thereof; (3) no notices of deficiency were issued for 1984, 1985, 1986, and 1987; and (4) the period of limitations on collections for 1984, 1985, 1986, and 1987 had expired.

On October 11, 2001, the District Court granted summary judgment in favor of the United States. Perez v. United States, 89 AFTR 2d 2002-1884, 2001-2 USTC par. 50735 (W.D. Tex. 2001). In so ruling, the District Court held that: (1) Respondent had properly assessed petitioner's tax liabilities for the years 1984, 1985, 1986, and 1987 on June 6, 1988 (i.e., the return

assessments); (2) respondent had given petitioner notice of the return assessments as required by section 6303; (3) that notices of deficiency were not required with respect to the return assessments for 1984 through 1987 because the assessments covered amounts reported as due on petitioner's returns; and (4) that the Form 900 executed by petitioner was valid, extending the period of limitations for collection for the years 1984 through 1987 to December 31, 2000.

In his petition in the instant case, petitioner asserts: (1) That the proposed collection is time-barred; (2) that respondent failed to properly assess his tax liabilities or notify him of the assessments for the years 1984 through 1987; (3) that he did not receive notices of deficiency for the years in issue; and (4) that respondent failed to conduct a fair hearing (a) by refusing to explain how the proposed levy was balanced with petitioner's interests; (b) by directing the Appeals officer not to address the "23C Summary Record of Assessment" issue, (c) by refusing to grant a hearing to petitioner's spouse; and (d) by refusing to explain why Form 4340 was given "evidentiary precedence" over petitioner's individual master file.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after

notice and demand, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Secretary cannot proceed with collection by levy on any property of any person until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). Where the underlying tax liability is not at issue, the Court will review the Appeals officer's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Collateral Estoppel

In an effort to show that respondent's determination to proceed with collection was an abuse of discretion, petitioner raises several contentions, namely, that with respect to the 1984 through 1987 taxes for which collection is sought, no proper assessment of the taxes occurred; that even if assessment occurred, petitioner received no notice thereof; that no notices of deficiency were issued; and that petitioner's extension of the

period of limitations for collection was invalid and such period has therefore expired.  It is respondent's contention that petitioner is collaterally estopped from raising the issues of the validity of the assessments, the sufficiency of the notice of the assessments, the requirement of notices of deficiency, and the expiration of the period on limitation on collections.

With respect to the return assessments, we agree with respondent.  The foregoing issues as raised by petitioner in the instant case, insofar as they relate to the return assessments, are identical to those raised by him in the District Court case, the controlling facts and applicable legal rules are the same, and, except with respect to the examination assessments (as more fully discussed below), the issues were litigated, essential to the prior decision, and finally determined in the District Court case.  See Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990).  The District Court concluded, with respect to the return assessments, that they were validly entered, adequately noticed, and not dependent upon the prior issuance of notices of deficiency (because the assessments covered amounts reported on petitioner's returns).  The District Court likewise concluded that petitioner's May 14, 1997, execution of the Form 900 was a valid extension of the period of limitations on collection to December 31, 2000.  We hold that petitioner is collaterally estopped from further litigating these

issues in the instant section 6330 proceeding with respect to the return assessments.

Excepting the issue of the period of limitations on collection,[4] we disagree with respondent concerning the application of collateral estoppel with respect to the examination assessments. Those assessments were not the subject of petitioner's claim to quiet title in the District Court case. The District Court considered assessments made on June 6, 1988, the date of the return assessments, and not assessments made on September 11, 1989, and June 11, 1990, the dates on which the examination assessments were made, in reaching its determination. The District Court's conclusion that no notices of deficiency were required was premised on the fact that the amounts assessed had been reported on petitioner's returns, a condition not present in the case of the examination assessments. Thus, petitioner is not collaterally estopped from contesting the validity of, adequacy of notice concerning, or requirement of notices of deficiency preceding, the examination assessments, because the conditions for collateral estoppel do not exist for those issues.

---

[4] Since petitioner is collaterally estopped from asserting the invalidity of the Form 900 extending the period of limitations on collections for the 1984 through 1987 tax years to Dec. 31, 2000, and respondent's notice to petitioner of his hearing rights under section 6330 and petitioner's request for a hearing occurred before that date, the period of limitations for collection of those years remains open. See sec. 6330(e)(1).

Examination Assessments

While petitioner is not foreclosed from contesting the examination assessments,[5] his arguments are unavailing. Petitioner argues herein that the assessments were invalid because the Appeals officer did not rely on or provide to him a Form 23C, Summary Record of Assessment, for purposes of verifying that the assessments were valid. This argument is without merit. The Appeals officer used an MFTRA-X transcript, a copy of which she provided to petitioner at the hearing, to verify that the assessments petitioner challenges, including the examination assessments, were validly made. Absent some showing of irregularity in respondent's assessment procedures that raises a question about the validity of respondent's assessments of petitioner's tax liabilities, which petitioner has not made, it is not an abuse of discretion for an Appeals officer to verify an assessment by means of an MFTRA-X transcript. Standifird v. Commissioner, T.C. Memo. 2002-245; Holliday v. Commissioner, T.C. Memo. 2002-67. The MFTRA-X transcripts contain all information necessary to the recordation of an assessment under respondent's regulations, including the identification of the taxpayer, the character of the liability assessed, the taxable period, and the

---

[5] Certain of the issues raised by petitioner in the instant proceedings under sec. 6330(d) were not raised by him in his request for a hearing or at the hearing. Since all such issues lack merit, we need not decide whether petitioner is entitled to raise them in the instant proceedings.

amount of the assessment.[6]  See sec. 301.6203-1, Proced. & Admin. Regs.  The MFTRA-X transcripts further indicate that the examination assessments were made on September 11, 1989, with respect to 1984, 1985, and 1986, and June 11, 1990, as to 1987.

Petitioner next contends that even if the assessments were properly made, he was not given notice thereof as required by section 6303.  He also claims he was not given proper notice of intent to levy as required by section 6331.  Both claims are meritless.  Forms 4340 for each of the years at issue are in the record and show that petitioner was sent "Statutory Notices of Intent to Levy" on March 18, 1991, and June 19, 1995.  Either of these notices is sufficient to satisfy the notice requirement of section 6331.  In addition, a notice of intent to levy can satisfy the notice requirement of section 6303.  Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Standifird v. Commissioner, supra.  Petitioner's contentions concerning his notice under sections 6303 and 6331 demonstrate no abuse of discretion.

Petitioner's contention that he did not receive notices of deficiency with respect to the examination assessments likewise has no merit.  By signing Forms 4549 and CP-2000, petitioner consented to the immediate assessment of the tax liabilities set

---

[6] The MFTRA-X transcripts for 1985 and 1986 introduced as exhibits are illegible in some respects, but legible copies are contained elsewhere in the record.

forth therein, plus penalties and interest.  See Aguirre v. Commissioner, 117 T.C. 324 (2001).

Additional Issues

    1. Impartiality of the Appeals Officer

    Petitioner raises other issues not considered in the District Court case, including a claim that section 6330(b)(3) and (c)(2)(A) was violated because the Appeals officer was instructed not to consider his claims concerning the failure of a Form 23C to be provided or considered.  As previously noted, a Form 23C is not necessary to establish the validity of the assessments.  Accordingly, an instruction to the Appeals officer to refuse to consider petitioner's "Form 23C" arguments, which are based solely on the premise that a Form 23C is indispensable to a valid assessment, does not violate petitioner's right to raise "any relevant issue" relating to the proposed levy under section 6330(c)(2)(A).  Similarly, the instruction did not cause the Appeals officer not to be "impartial" within the meaning of section 6330(b)(3).  The operative terms of section 6330(b)(3) indicate that "impartial" as used in the heading of that provision concerns the Appeals officer's prior involvement with respect to the unpaid tax before the hearing.[7]  In sum, neither

_____

    [7] Sec. 6330(b)(3) provides as follows:

        SEC. 6330(b).  Right to Fair Hearing.

(continued...)

the instructions to the Appeals officer concerning, nor her refusal to consider, petitioner's arguments based on Form 23C constituted an abuse of discretion.

2. Consideration and Balancing of Collection Alternatives

Petitioner next contends that the Appeals officer failed to comply with section 6330(c)(3)(C), which requires the officer to consider whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. This requirement was addressed in the Notice of Determination which states: "The proposed levy action is intrusive. However, where the taxpayer continues to challenge the validity of the assessments there is no room to search for alternative collection measures to alleviate the intrusiveness of a levy action." Neither in his request for a hearing nor at the hearing did petitioner challenge the appropriateness of or offer an alternative to the proposed levy. In these circumstances, we

---

[7](...continued)

                        *   *   *   *   *   *   *
                    (3) Impartial officer.--The
            hearing under this subsection shall
            be conducted by an officer or
            employee who has had no prior
            involvement with respect to the
            unpaid tax specified in subsection
            (a)(3)(A) before the first hearing
            under this section or section 6320.
            A taxpayer may waive the
            requirement of this paragraph.

find no abuse of discretion in the Appeals officer's determination concerning the requirements of section 6330(c)(3)(C).  See Magana v. Commissioner, 118 T.C. 488 (2002).

3.  Conduct of Discovery

Petitioner alleges that it was error for the Appeals officer to fail to allow petitioner the opportunity to conduct discovery in connection with the hearing.  At the outset, we note that there does not appear to be anything in the record to indicate that petitioner ever attempted to conduct discovery, or that the Appeals officer refused a request to do so.  In any event, the hearing process contemplated in section 6330 is informal and does not require the compulsory production of documents.  See Davis v. Commissioner, 115 T.C. at 41-42; Lindsay v. Commissioner, T.C. Memo. 2001-285; Wylie v. Commissioner, T.C. Memo. 2001-65.  Any refusal to afford petitioner the opportunity for formal discovery was not an abuse of discretion.

4.  Spouse's Hearing Rights

Petitioner argues that it was error for the Appeals officer not to allow his spouse to participate in the hearing.  We infer from petitioner's various submissions that he believes his spouse was entitled to a hearing under section 6330 because she holds a community property interest in any property of his that might be subject to the proposed levy.

Section 6330(a)(1) provides that "No levy may be made on any property or right to property of any <u>person</u> unless the Secretary has notified <u>such</u> <u>person</u> in writing of their right to a hearing". (Emphasis added.) Section 6330(b)(2) provides: "A <u>person</u> shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax * * * relates." (Emphasis added.) Regulations issued by respondent clarify that the "person" described in section 6330(a)(1) is the same person described in section 6331(a); namely, the person liable to pay the tax due after notice and demand who has refused or neglected to pay. Sec. 301.6330-1(a)(2), Q&A-1, Proced. & Admin. Regs.[8]

Since petitioner and his spouse did not file joint returns for 1984 through 1987, his spouse is not liable for the unpaid taxes that are the subject of the instant collection action.

---

[8] Q&A-1 of sec. 301.6330-1(a)(3), Proced. & Admin. Regs., provides as follow:

>    Q-1. Who is the person to be notified under section 6330?

>    A-1. Under section 6330(a)(1), a pre-levy or post-levy CDP Notice is required to be given only to the person whose property or right to property is intended to be levied upon, or, in the case of a levy made on a state tax refund or a jeopardy levy, the person whose property or right to property was levied upon. The person described in section 6330(a)(1) is the same person described in section 6331(a)--i.e., the person liable to pay the tax due after notice and demand who refuses or neglects to pay (referred to here as the taxpayer). A pre-levy or post-levy CDP Notice therefore will be given only to the taxpayer.

Therefore, she is not the "person" referred to in section 6330(a)(1); accordingly, section 6330 confers no hearing rights upon her and respondent issued no notice to her, under section 6330(a). Although petitioner's spouse is listed as a taxpayer on the Form 12153 by which petitioner requested a hearing under section 6330, she did not sign the document, and it in any event confers no rights on her that do not exist under the statute. Accordingly, the Appeals officer's refusal to allow petitioner's spouse to participate in the hearing was not an abuse of discretion.[9]

Conclusion

Having considered each of petitioner's allegations of error, we conclude that there was no abuse of discretion by the Appeals officer. We hold that respondent may proceed with the proposed levy. To reflect the foregoing,

Decision will be entered for respondent.

_____

[9] In a separate order, we previously denied petitioner's spouse's motion to join as a party to the proceedings before this Court, on the grounds that she had failed to show that any interests in property that she sought to protect were inadequately protected by petitioner or would be impaired absent joinder or intervention.