117 T.C. No. 26


UNITED STATES TAX COURT



FRANCISCO AND ANGELA AGUIRRE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9379-00L.                    Filed December 28, 2001.


        Petitioners (Ps) filed returns for 1992-94.
Respondent (R) examined those returns, and Ps signed a
Form 4549, Income Tax Examination Changes, in which
they waived the right to contest their tax liability in
the Tax Court and consented to the immediate assessment
and collection of tax for 1992-94.  R issued to Ps a
notice of intent to levy with respect to Ps' taxes due
for tax years 1992-94.  Ps requested a hearing pursuant
to sec. 6330(b), I.R.C., solely to dispute the amount
of their tax liabilities for 1992-94.  R sent a notice
of determination to Ps stating that collection of their
tax liability for 1992-94 would proceed.  Ps petitioned
this Court to review R's determination.  R subsequently
filed a motion for summary judgment, to which Ps did
not respond.

        <u>Held</u>:  Ps may not contest their underlying tax
liability for tax years 1992-94 because, by signing Form
4549, they consented to the immediate assessment and
collection of tax for those years.

Francisco and Angela Aguirre, pro se.

David C. Holtz, for respondent.

OPINION

COLVIN, Judge:  This matter is before the Court on respondent's motion for summary judgment.  For reasons stated below, we will grant respondent's motion.

All section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioners are married and lived in Hacienda Heights, California, when they filed their petition.

Petitioners filed joint returns for 1992, 1993, and 1994. Respondent examined petitioners' 1992, 1993, and 1994 returns in 1995.  On July 13, 1995, petitioners signed a Form 4549, Income Tax Examination Changes, in which they consented to the immediate assessment and collection of tax for 1992, 1993, and 1994.  It stated:

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in United States Tax Court the findings in this report.  Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus any additional interest as provided by law.  I understand that this report is subject to acceptance by the District Director.

In 1999, respondent sent to petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioners' 1992-94 tax years. Petitioners then filed a Form 12153, Request for a Collection Due Process Hearing, for those tax years.[1] Petitioners requested the hearing solely to dispute the correctness of their underlying tax liabilities. On August 22, 2000, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter), in which respondent stated that collection from petitioners of their tax liability for 1992-94 would proceed. On September 5, 2000, petitioners filed a petition for lien or levy action under section 6320(c) or 6330(d).

Respondent filed a motion for summary judgment on April 13, 2001. On April 17, 2001, the Court issued an order directing petitioners to file a response to respondent's motion. The order included a reminder to the parties that the case would be called from the calendar at the April 30, 2001, Los Angeles, California, trial session. Petitioners failed to file a response to respondent's motion, and they did not attend, or have someone appear on their behalf at, the calendar call.

---

[1] The record does not indicate whether respondent conducted a hearing in petitioners' case.

## Discussion

A.   Contentions of the Parties

Respondent contends, inter alia, that petitioners waived their right to challenge collection of their tax liability for 1992-94 because they signed Form 4549 consenting to the immediate assessment and collection of their tax liability for those years.

In their petition, petitioners stated as a basis for relief only that:

> We disagree with the determination, because although we were present at the time of the original audit, many of our deductions were disallowed when they were correct. We have been requesting an audit reconsideration to present general ledegers [sic] and documents properly organized in order to verify our deductions in a cohesive manner.

B.   Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v.

Commissioner*,* 85 T.C. 812, 821 (1985); Jacklin v. Commissioner*,* 79 T.C. 340, 344 (1982).

C.  Analysis

No genuine issues of material fact preclude us from deciding this matter.  Rule 121(b).  We conclude that respondent is entitled to summary judgment.  First, by signing Form 4549, petitioners consented to the immediate assessment and collection of their tax liability for 1992-94.  See Hudock v. Commissioner, 65 T.C. 351, 363 (1975) (Form 4549 is evidence of the taxpayer's consent to the immediate assessment and collection of the proposed deficiency).  Petitioners cannot now challenge the tax liability to which they have consented.

Petitioners signed the Form 4549 in 1995, before enactment in 1998[2] of sections 6320 and 6330, which provide procedures for an Appeals Office hearing and judicial review of collection actions.  However, our deficiency jurisdiction existed in 1995. By signing the Form 4549, petitioners explicitly waived the right to contest in the Tax Court their tax liability for the years included in the Form 4549.  Petitioners thus expressly waived the opportunity to obtain prepayment judicial review of their tax liability for those years.  Petitioners requested the section 6330 hearing and filed their petition in this case solely to dispute the correctness of their underlying tax liabilities.  The

---

[2]  Secs. 6320 and 6330 were enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746.

fact that section 6330 now provides an opportunity to contest tax liability for taxpayers who did not receive a notice of deficiency, sec. 6330(c)(2)(B), provides no consolation to petitioners who themselves made the choice not to receive such notice, see <u>Sego v. Commissioner</u>, 114 T.C. 604, 611 (2000) (taxpayers who deliberately refused to accept delivery of the notices of deficiency repudiated the opportunity to contest the notices of deficiency in the Tax Court).

Second, by failing to file a response to respondent's motion and to attend the calendar call, or have someone appear on their behalf, petitioners waived their right to contest the motion. Rule 121(d); <u>Lunsford v. Commissioner</u>, 117 T.C. ____ (2001).

Accordingly, we will grant respondent's motion for summary judgment.

<u>An appropriate order and decision will be entered</u>.