T.C. Memo. 2002-225

UNITED STATES TAX COURT

DENNIS STEWART, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10952-00L.          Filed September 10, 2002.

Dennis Stewart, pro se.

Timothy S. Murphy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with collection of petitioner's 1990 through 1998 tax liabilities.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Michigan.

Around March 1994, the Internal Revenue Service (IRS) audited petitioner for 1990 and 1992. The audit resulted in proposed increases in petitioner's income tax liabilities for those years. Petitioner knew that he could have appealed the proposed increases, but instead he agreed to them.

On March 14, 2000, respondent mailed petitioner, via certified mail, a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, with regard to his unpaid tax liabilities for 1990 through 1998.

On or about April 10, 2000, respondent received from petitioner a timely Request for a Collection Due Process Hearing, Form 12153, (hearing request) with attachments. In the hearing request, petitioner stated:

> Petitioner admits that a certain obligation for taxes due the Internal Revenue Service exists, but denies any and all responsibility for said obligation for the reason that a prior assignment of a lien and its proceeds by Petitioner as grantor in favor of the United States and the IRS as a grantee was extinguished contrary to U.S. law through unlawful mortgage foreclosure proceeding concluded on December 15, 1994. Additionally, the mortgage foreclosed upon was a forgery. It appears that the proceeds of these crimes (proceeds which by prior tax liability are the legitimate property of the United States), are

> presently in the possession of individuals by name of Henry Soet and Daniel Bylenga, and a corporation doing business as Fleet Financial Group. Furthermore, said proceeds are more than enough to satisfy any claim for unpaid taxes purported against Petitioner.

Petitioner's statement continued for an additional three pages alleging criminal conduct by numerous judges, individuals, and entities. Additionally, petitioner attached nearly 100 pages of documents to the hearing request regarding the alleged criminal conduct by various judges, individuals, and entities.

On June 23, 2000, the IRS provided petitioner with a section 6330 hearing. Appeals Officer Bruce Skidmore held the conference with petitioner telephonically. Petitioner's argument centered on petitioner's prior lawsuits against Fleet Finance, Inc. (Fleet), and numerous other entities and individuals regarding Fleet's foreclosure on a home owned by petitioner at 2625 Emerson, Grand Rapids, Michigan (the Emerson house). Petitioner claimed that the proceeds of the alleged unlawful mortgage foreclosure, which all went to Fleet, should have paid off the liabilities at issue because the United States had a second lien on the Emerson house.

During the hearing, Mr. Skidmore asked petitioner about his underlying liabilities. Petitioner stated that he did not believe that there was any error in the assessments. Petitioner did not raise any spousal defenses or offer alternative means of collection.

On September 18, 2000, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1990 through 1998. Respondent determined (1) the requirements of applicable law and administrative procedures had been met, (2) petitioner did not dispute the correctness of the underlying liabilities for the years in issue, and (3) to proceed with collection.

OPINION

At trial, petitioner admitted that he did not dispute the underlying liability at the section 6330 hearing; however, at trial and on brief petitioner attempted to claim he was entitled to additional deductions for some of the years in issue. We reject this claim for the following reasons: (1) For 1990 and 1992 he is prevented from disputing his underlying liabilities because respondent and petitioner reached an agreement as to additional liabilities and these amounts were assessed, Aguirre v. Commissioner, 117 T.C. 324, 327 (2001), and (2) petitioner presented no credible evidence that his underlying liabilities for any of the years in issue were incorrect. Smith v. Commissioner, T.C. Memo. 2002-59.

Prior to 1994, petitioner owned the Emerson house. During 1994, Fleet foreclosed on the Emerson house. Fleet received all the proceeds of the foreclosure sale. Petitioner sued Fleet and

various other entities and individuals regarding Fleet's foreclosure on the Emerson house.

We shall not painstakingly recount in its entirety petitioner's litigation against Fleet and various other entities and individuals.  To briefly summarize, the Circuit Court for the County of Kent, Michigan, and the U.S. District Court for the Western District of Michigan (twice) decided against petitioner every issue raised by him in each of his lawsuits (including whether Fleet was a holder in due course with respect to petitioner's mortgage and was entitled to foreclose on the Emerson house).  The Michigan Court of Appeals affirmed the order of the Circuit Court for the County of Kent and the U.S. Court of Appeals for the Sixth Circuit (twice) affirmed the judgments of the U.S. District Court.  Stewart v. Fleet Fin., 229 F.3d 1154 (6th Cir. 2000) (table); Stewart v. Fleet Fin. Group, 129 F.3d 1265 (6th Cir. 1997) (table); Stewart v. Birmingham Mortgage Corp., No. 190235, 1998 WL 1993019 (Mich. Ct. App. Feb. 3, 1998).

Petitioner's argument that the proceeds of the foreclosure on the Emerson house should have paid off the liabilities at issue is unpersuasive.  Petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Accordingly, we sustain respondent's determination to

proceed with collection with respect to petitioner's 1990 through 1998 tax years.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty pursuant to section 6673(a) on taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In its opinion regarding petitioner's first U.S. District Court lawsuit, the U.S. District Court stated that "Stewart is a vexatious litigant" and that "Stewart's complaints appear to be an embittered and reckless attempt to chastise all who played any role, however trivial, in the foreclosure proceedings upon his house and his eviction therefrom and, thus, filed for an improper purpose." The U.S. District Court sanctioned petitioner and ordered him to pay the attorney's fees of the defendants in that lawsuit. The U.S. Court of Appeals for the Sixth Circuit affirmed, by unpublished opinion, the judgment of the U.S. District Court–including the imposition of sanctions. Stewart v. Fleet Fin. Group, supra.

In its opinion regarding petitioner's second U.S. District Court lawsuit, the U.S. District Court stated that petitioner's lawsuits were a "frivolous and vexatious attempt to relitigate adverse decisions reached in his earlier, unsuccessful lawsuits." The U.S. District Court sanctioned petitioner and ordered him to pay the attorney's fees of the defendants in that lawsuit as well--this sanction totaled over $23,000. Additionally, because the thousands of dollars of sanctions it imposed on petitioner in the first U.S. District Court lawsuit and other related lawsuits failed to deter petitioner, the U.S. District Court enjoined petitioner from filing any civil action against Fleet and the other named entities and individuals unless petitioner first filed a bond with the U.S. District Court in the amount of $25,000. The U.S. Court of Appeals for the Sixth Circuit affirmed, by unpublished opinion, the U.S. District Court's judgment and permanent injunction. Stewart v. Fleet Fin., supra.

Petitioner devoted his petition, his trial memorandum, the trial, and his briefs in the case at bar to recounting, again, the alleged wrongdoing by Fleet and other individuals whom he had previously sued multiple times in State and Federal courts. In the petition, at trial, and on brief petitioner raised frivolous arguments and contentions which we conclude were interposed primarily for delay. These arguments and contentions were similar to those that were rejected repeatedly by State and

Federal courts, thereby causing the Court to waste its limited resources.  Accordingly, we shall impose a penalty of $7,500 pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.