T.C. Summmary Opinion 2003-111


UNITED STATES TAX COURT


CALVIN EARL HUMPHRIES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14064-02S.            Filed August 8, 2003.


Calvin Earl Humphries, pro se.

John D. Faucher, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Petitioner seeks a review under section 6330(d) of a determination by respondent's Appeals Office that respondent's action to collect

_____

[1] Unless otherwise indicated, section references hereafter are to the Internal Revenue Code as amended.

by levy Federal income taxes owing by petitioner for the years 1992 and 1994 should proceed. That determination was preceded by respondent's issuance to petitioner of a notice of intent to levy and of petitioner's right to a hearing in connection with an assessed balance of income taxes and statutory additions totaling $8,349.62, $4,717.20, and $2,881.40, respectively, for 1992, 1994, and 1998. In his petition for review, petitioner did not challenge respondent's determination to proceed with collection for the year 1998.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. At the time the petition for review was filed, petitioner was a legal resident of Houston, Texas.

An attachment to the notice of determination prepared by respondent's Appeals officer states that, at the hearing, petitioner "only argues that he did not owe the proposed taxes" and that, under section 6330(c)(2)(B), "none of the three disputed liabilities are appropriate for consideration as a part of the Request for Collection Due Process Hearing". The statement also states that "joint liability" was not at issue, that collection alternatives were not offered, and concludes that collection activity could proceed.

As noted earlier, petitioner did not challenge the determination for the 1998 tax year in his petition to this

Court. As to the 1992 tax year, petitioner alleged he had not filed a return for that year because he was not employed that year. For the 1994 tax year, he alleged "nothing was wrong with this return", and the refund for overpayment he received for 1994 "was due to me" and "why should I pay it back?"

In a trial memorandum and at trial, counsel for respondent advised the Court that petitioner had filed an income tax return for 1992, and, based on that return, respondent had allowed petitioner a refund of $4,390, which was composed mostly of earned income and diesel fuel credits. Thereafter, respondent reversed that action and assessed a liability of $5,541.89 against petitioner for 1992. Counsel acknowledged that respondent had no record of having issued a notice of deficiency to petitioner for 1992 to reflect this change. Counsel agreed that, since petitioner had never been afforded an opportunity to challenge respondent's actions for that year, respondent "concedes the issue with respect to petitioner's 1992 liability and will abate that amount". As a result of respondent's concession, the only remaining year before the Court is petitioner's 1994 tax year.

With respect to the 1994 tax year, it appears (and the Court concludes) that no notice of deficiency was issued to petitioner for that year. The parties stipulated into evidence the copy of Form 4549-CG, Income Tax Examination Changes, relating to

petitioner's 1994 tax return. That form bears petitioner's signature along with stamped approvals by the Internal Revenue Service and reflects a balance of $3,055.72 of tax and interest owing by petitioner for the 1994 tax year. The Form 4549-CG provides, just above petitioner's signature, the following:

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

Petitioner acknowledged having signed the Form 4549-CG but contends he signed the form believing that he would be allowed to appeal the proposed changes to his 1994 return relating to the disallowance of two child dependency exemptions claimed on his 1994 return. He recalled having telephone conversations with a representative of the Internal Revenue Service and believed that, by signing the Form 4549-CG, his objection to the proposed changes would be considered. Petitioner contends he had no intention of conceding the proposed changes to his 1994 return. On this scenario, it is evident to the Court that no notice of deficiency was issued to petitioner for 1994, and respondent assessed the amounts conceded by petitioner.

Section 6331(a) provides that, if any person liable to pay

any tax neglects or refuses to pay such tax within 10 days of notice and demand for payment, the Secretary may collect such tax by levy upon the taxpayer's property. Section 6330 generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review in the form of an Appeals Office hearing. Section 6330(c) provides for an Appeals Office due process hearing to address collection issues including, among other things, alternative means of collection.

In connection with matters to be considered at a collection due process hearing under section 6330, section 6330(c)(2)(B) states:

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

It is evident from the above that a notice of deficiency was never issued to petitioner for 1994; however, it is also evident that petitioner was otherwise provided an opportunity, before the assessment, to dispute his 1994 liability. Aquirre v. Commissioner, 117 T.C. 324 (2001). He admitted so in his testimony. Even if petitioner was not aware that he had waived his rights to challenge the determination because of the Form

4549-CG, there is no evidence that petitioner ever protested the effect of his waiver and agreement to an assessment in subsequent events, such as responding to collection notices, etc. Moreover, there is no indication that this issue was brought up by petitioner at his hearing before the Appeals officer in connection with respondent's notice of intent to proceed with collection under section 6330. The statement attached to the Notice of Determination by the Appeals officer provides no information that petitioner's contention as to the Form 4549-CG was even raised or considered at the hearing, nor did petitioner at trial claim that it was raised at his hearing before the Appeals officer. The Court, therefore, rejects petitioner's claim that his prior consent to assessment and collection should be disregarded. The validity of the underlying tax liability, therefore, is not properly at issue. When, as here, the underlying liability is not at issue, this Court reviews the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Accordingly, the Court holds that there was no abuse of discretion by respondent in determining that collection could proceed with respect to petitioner's 1994 liability.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision will be entered.