T.C. Summary Opinion 2004-128

UNITED STATES TAX COURT

PAUL BRYAN BARRETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16542-03S.          Filed September 16, 2004.

Paul Bryan Barrett, pro se.

<u>Timothy R. Maher</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

This is a so-called collection case brought pursuant to section 6330(d). The issue is whether petitioner may raise in this proceeding a challenge to the correctness of an underlying tax deficiency. Petitioner resided in Pompano, Florida, when the petition was filed.

## Background

The basic facts are not in dispute. During 1995 and 1996, petitioner was in the construction business as a sole proprietorship reporting income and deductions on Schedule C, Profit or Loss From Business. On his 1995 Federal income tax return petitioner claimed and received a refund of $971. Respondent audited petitioner's 1995 return and proposed to disallow, inter alia, deductions for wages paid to employees of petitioner's company. It appears that the primary reason for the disallowance of the deductions was that either the names or the Social Security numbers of the alleged employees were false. Rather than dispute the proposed adjustment, petitioner signed a Form 4549-CG, Income Tax Examination Changes, dated March 31, 1997. Form 4549-CG, provides, in part

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax * * *.

Respondent assessed an additional tax of $13,629. By letter dated, October 10, 1997, petitioner sought to establish that the amount of disallowed wages was incorrect. During the so-called audit reconsideration process, petitioner supplied virtually identical notarized statements containing the names of four of the alleged employees. By letter dated July 30, 2001, petitioner was informed that the Social Security numbers were either missing or invalid. Petitioner was requested to submit "either their correct social security numbers or cancelled checks showing the amount you paid to them." Petitioner supplied further names and Social Security numbers (but apparently no cancelled checks), and, as a result, respondent abated $1,637 of the prior assessment based on the examination.

Petitioner filed his 1996 Federal income tax return that showed a balance due of $306. Petitioner admits that he owes the amount shown on that return.

Respondent filed a lien pursuant to sections 6321 and 6323 and issued a notice of lien filing to petitioner pursuant to section 6320. Petitioner timely requested a hearing contending only that the amount of the 1995 deficiency was incorrect. On September 5, 2003, respondent denied relief on the ground that petitioner had waived his right to challenge the collection of his 1995 tax liability because he had signed Form 4549-CG consenting to the assessment and collection. Petitioner filed a

timely petition seeking review of that determination under section 6330(d)(1).

### Discussion

Section 6320(a)(1) provides that respondent shall notify in writing the taxpayer against whom a lien arises or is filed. Under section 6320(b), the taxpayer may request a hearing before an impartial Appeals Officer. Section 6320(c) provides that "subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 shall apply" to a hearing under section 6320. Relevant here, section 6330(c)(2)(B) provides that a taxpayer may raise at the hearing

> challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

The issue here is whether section 6330(c)(2)(B) precludes petitioner from raising the correctness of the underlying tax liability for 1995 in a hearing under section 6320(b). As we have pointed out, section 6320(c) incorporates the restriction contained in section 6330(c)(2)(B).

This case is controlled by Aguirre v. Commissioner, 117 T.C. 324 (2001). As here, in Aguirre petitioners executed a Form 4549 containing the identical language set forth above and requested a hearing solely to dispute the correctness of their underlying tax liabilities. We held that petitioners had waived their right to

review the underlying tax liabilities.  We see no reason to reiterate <u>Aguirre</u> here.[2]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[2] Petitioner contends that the revenue agent conducting the audit misled him.  The language on Form 4549-CG, Income Tax Examination Changes, is quite clear, and we have great difficulty in understanding the reason that petitioner claims that he was misled.