T.C. Memo. 2007-221

UNITED STATES TAX COURT

CRAIG I. SMITH AND MARY LOU SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4675-06L.                     Filed August 9, 2007.

Craig I. Smith and Mary Lou Smith, pro sese.

<u>Anita A. Gill</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:   This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction.
Petitioners filed a timely request for a hearing pursuant to
section 6330 but withdrew it after entering into an installment
agreement with respondent.  The issues for decision are:  (1)
Whether petitioners' request for a hearing pursuant to section

6330[1] entitled petitioners to a section 6330 hearing upon respondent's termination of their installment agreement; and (2) whether respondent's decision letter was a "determination" for purposes of section 6330.

## Background

At the time petitioners filed the petition, they resided in Shaker Heights, Ohio. Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2001 and for 2002, each of which showed tax due. Respondent assessed the tax for each year and demanded payment for the unpaid balance. When petitioners failed to pay the balance, respondent determined that enforced collection action would be required.

On February 6, 2004, respondent mailed petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for 2002. On February 27, 2004, respondent mailed petitioners a similar form letter for 2001. We hereinafter refer to these letters collectively as the first notice of levy. By means of Form 12153, Request For a Collection Due Process Hearing, petitioners, in March 2004, responded to the first notice of levy by requesting a hearing under section 6330 for both taxable years.[2] We hereinafter refer to these March 2004

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

[2]The request for a sec. 6330 hearing for 2002 was made on Mar. 5, 2004. The request for a sec. 6330 hearing for 2001 was
(continued...)

requests collectively as petitioners' first request for a section 6330 hearing.

On March 19, 2004, without involvement of respondent's Appeals Office, petitioners and respondent entered into an installment agreement for the unpaid taxes for 2001 and 2002. That agreement, among other things, required petitioners to make 90 monthly payments of $420 each and to remain current with respect to their tax obligations for subsequent years.[3] Thereafter, on April 2, 2004, respondent sent petitioners a letter in response to petitioners' first request for a section 6330 hearing. The April 2 letter stated:

> This letter is in response to your Form 12153, Request for a Collection Due Process Hearing dated March 5, 2004.
>
> * * * We have established an installment agreement for you for tax periods 2001 & 2002. * * *
>
> You are entitled to a Collection Due Process Hearing as you requested. However, since we have addressed the issue(s) on your Request for a Collection Due Process Hearing, you now have the option to withdraw your request. To do so, please complete the enclosed Form 12256, Withdrawal of Request for Collection Due Process Hearing. * * *

---

[2](...continued) made on Mar. 24, 2004. In the Mar. 24 request, petitioners requested that the hearings for both taxable years be consolidated.

[3]The installment agreement preceded petitioners' request for a sec. 6330 hearing for 2001, which was made on Mar. 24. At trial, petitioner Craig I. Smith (the only witness to be called) testified that petitioners requested a sec. 6330 hearing for 2001 even though they had already entered into an installment agreement for 2001 "to preserve my hearing rights."

Petitioners submitted a completed Form 12256 on April 6, 2004.[4]  By signing the form, each petitioner acknowledged:

> I've received a resolution with the Internal Revenue Service regarding the tax and tax period that my hearing request concerned and I'm satisfied that I no longer need a hearing with Appeals.  Therefore, I withdraw my request for a Collection due Process (CDP) Hearing under * * * IRC Section 6330, notice and opportunity for a hearing before a levy * * *
>
> I understand that by withdrawing my request:
>
> - I give up my right to a Collection Due Process Hearing with the Office of Appeals.  I understand that the Office of Appeals will not issue a Notice of Determination with respect to the tax and tax period the hearing request concerned.
> - I give up my right to seek judicial review, in the Tax Court or a U.S. District Court, of the Notice of Determination that the Office of Appeals would have issued as a result of the Collection Due Process Hearing, as the Office of Appeals will not issue a Notice of Determination.
> - I give up my right to have the Office of Appeals retain jurisdiction with respect to any determination that it would have made as a result of the Collection Due Process Hearing.
> - The suspension of levy action and the suspension of the statute of limitations on the period of collection, as required under the provisions of IRC Sections 6320 and 6330, are no longer in effect upon the receipt by Internal Revenue Service (IRS) of this withdrawal.
> - I have the right to request a hearing with the Office of Appeals that is equivalent to a Collection Due Process Hearing without judicial appeal to the Tax Court or a U.S. District court under IRC Section 6320 or 6330.
> - I do not give up any other appeal rights that I am entitled to, such as an appeal under the Collection Appeals Program (CAP).

---

[4]The Apr. 6, 2004, Form 12256 pertained to 2002. Petitioners stipulated that they also executed a Form 12256 for 2001.

Pursuant to their obligations under the installment agreement, petitioners timely made the required monthly payments through October 2004, but failed to timely make their November 2004 payment.[5] In addition, petitioners failed to make estimated tax payments relating to tax years after 2001 and 2002 as required by the terms of the installment agreement. Consequently, respondent terminated the agreement and demanded payment in full of petitioners' uncollected tax liabilities for 2001 and 2002. On December 13, 2004, respondent mailed petitioners a Notice CP 523, Notice of Intent to Levy--You Defaulted On Your Installment Agreement, for 2001. On the same day, respondent mailed a similar notice to petitioners for 2002. We hereinafter refer to these notices collectively as the second notice of levy. Each letter stated:

> This is a formal notice of our intent to terminate your installment agreement 30 days from the date of this notice. You defaulted on your agreement because <u>you didn't make your payments as agreed</u>. The agreement states that we may terminate your agreement and collect the entire amount of your tax liability if you don't meet all the conditions. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy * * * To prevent collection action you must <u>bring your account up to date by paying your past due amount, as well as any current payments due</u>. * * * If you don't agree with this decision, you have a right to request Appeals consideration by calling the number listed below within 30 days from the date the agreement is terminated.

---

[5]Respondent received and recorded the November payment on Dec. 6, 2004. The record does not disclose any further payments made by petitioners.

Petitioners ignored the December 13, 2004, notices of intent to levy, believing the notices would be followed by other "final" notices of intent to levy before any levies would actually be executed. However, without further notice, in May of 2005 respondent levied on petitioners' bank account. Petitioners thereupon requested, by means of Form 12153,[6] a hearing for each year under section 6330. We hereinafter refer to these requests, which petitioners telefaxed to respondent on May 11, 2005, collectively as the second request for a section 6330 hearing. Respondent released the levy on petitioners' bank account on May 12, 2005.

Respondent determined that petitioners' second request for a section 6330 hearing was untimely and therefore petitioners were entitled only to an equivalent hearing pursuant to section 301.6330-1(i)(1), Proced. & Admin. Regs. An equivalent hearing was held on November 17, 2005. At that time, petitioners had still not made estimated tax payments as required by the installment agreement. Consequently, the Appeals Office refused to enter into another installment agreement with petitioners and

_____

[6]The Commissioner's Form 12153 instructs taxpayers to "Use this form to request a hearing with the IRS Office of Appeals only when you receive a Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320, a Final Notice--Notice Of Intent to Levy & Your Notice Of a Right To A Hearing, or a Notice of Jeopardy Levy and Right of Appeal." The parties treated petitioners' May 11, 2005, request for a hearing as a request for a sec. 6330 hearing in response to a notice of levy, even though the request was not made in response to the cited notices.

on January 27, 2006, issued a decision letter sustaining the levy action.

Petitioners timely filed their petition, in which they seek review of respondent's decision letter and a determination that respondent abused his discretion in sustaining the levy action. Respondent moved to dismiss the petition for lack of jurisdiction, and a hearing on respondent's motion to dismiss was held.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to any unpaid tax only after the Secretary has notified the person in writing of his intention to make the levy at least 30 days before any levy action is begun. Section 6330 elaborates on section 6331 and provides that upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals. Sec. 6330(a)(3)(B) and (b)(1). A request for a collection hearing must be made within the 30-day period commencing on the day after the date of the section 6330 notice. Sec. 6330(a)(3)(B), (2); sec. 301.6330-1(b)(1), Proced. & Admin. Regs. Section 6330(a)(1) requires the Secretary to issue a section 6330 notice only once

for the taxable period to which the unpaid tax relates. Once the Secretary issues a notice of intent to levy and notice of right to a section 6330 hearing, a subsequent notice, more than 30 days later, that the IRS intends to levy on property of the taxpayer for the same tax and tax period as in the initial notice does not entitle the taxpayer to a section 6330 hearing. Sec. 301.6330-1(b)(2), Q&A-B2, Proced. & Admin. Regs.[7]

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.

---

[7]Sec. 301.6330-1(b)(2), Q&A-B2, Proced. & Admin. Regs., provides:

> Q-B2. Is the taxpayer entitled to a CDP hearing when the IRS, more than 30 days after issuance of a CDP Notice under section 6330 with respect to the unpaid tax and period, provides subsequent notice to that taxpayer that the IRS intends to levy on property or rights to property of the taxpayer for the same tax and tax periods shown on the CDP Notice?

> A-B2. No. Under section 6330, only the first pre-levy or post-levy CDP Notice with respect to the unpaid tax and tax periods entitles the taxpayer to request a CDP hearing. If the taxpayer does not timely request a CDP hearing with Appeals following that first notification, the taxpayer foregoes the right to a CDP hearing with Appeals and judicial review of Appeals' determination with respect to levies relating to that tax and tax period. The IRS generally provides additional notices or reminders (reminder notifications) to the taxpayer of its intent to levy when no collection action has occurred within 180 days of a proposed levy. Under such circumstances, a taxpayer may request an equivalent hearing as described in paragraph (i) of this section.

Sec. 6330(b)(1), (c)(1). The taxpayer is entitled to one hearing with respect to "the taxable period to which the unpaid tax specified in * * * [the levy notice] relates." Sec. 6330(b)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and take into account: (i) The relevant issues raised by the taxpayer, (ii) challenges to the underlying tax liability by the taxpayer, where permitted, and (iii) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Section 301.6330-1(f)(1), Proced. & Admin. Regs., provides:

Judicial review of Notice of Determination.--(1) In general.--<u>Unless the taxpayer provides the IRS a written withdrawal of the request that Appeals conduct a CDP hearing</u>, Appeals is required to issue a Notice of Determination in all cases where a taxpayer has timely requested a CDP hearing. * * * [Emphasis added.]

Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, the taxpayer may appeal the determination to this Court if we have jurisdiction over the underlying tax liability.

Section 301.6330-1(i)(1), Proced. & Admin. Regs., provides that where a taxpayer does not timely request a section 6330

hearing, the "taxpayer may nevertheless request an administrative hearing with Appeals, which is referred to herein as a 'equivalent hearing.'" An equivalent hearing (like the section 6330 hearing) is held with Appeals, and the Appeals officer considers the same issues which he or she would have considered had the equivalent hearing been a section 6330 hearing. Sec. 301.6330-1(i)(1), Proced. & Admin. Regs. The Appeals officer generally follows the same procedures at an equivalent hearing which he or she would have followed had the equivalent hearing been a section 6330 hearing. Id. The Appeals officer concludes an equivalent hearing by issuing a decision letter, as opposed to a notice of determination. The decision letter contains all of the information required by section 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs., to be included in a notice of determination but for the fact that the decision letter ordinarily states in regard to most issues that a taxpayer may not seek judicial review of the decision. In general, the Commissioner's decision letter issued as a consequence of an equivalent hearing is not a "determination" for purposes of section 6330 and therefore does not confer jurisdiction on this Court. Nelson v. Commissioner, T.C. Memo. 2002-264; Lopez v. Commissioner, T.C. Memo. 2001-228. However, a decision letter issued as a result of an equivalent hearing when a taxpayer was entitled to, but not given, a section 6330 hearing may constitute

a "determination" for purposes of section 6330.  See <u>Craig v.</u>
<u>Commissioner</u>, 119 T.C. 252 (2002).

Section 6159 authorizes the Secretary to enter into
installment agreements and to terminate an installment agreement
where the taxpayer fails to timely pay any installment when it is
due or to pay any other tax liability when it is due.  Sec.
6159(b)(4).  Termination by the Secretary requires notice to the
taxpayer, not later than 30 days before the date of termination,
explaining why the Secretary intends to terminate the installment
agreement.  Sec. 6159(b)(5).  The Secretary is required to
establish procedures for an independent administrative review of
termination of installment agreements for taxpayers who request
such review.  Sec. 6159(d).

If an installment agreement is terminated by the Secretary,
the Secretary may pursue collection of the unpaid balance of the
tax liability.  Sec. 301.6159-1(e), Proced. & Admin. Regs.  If
the installment agreement is terminated by the Secretary, no levy
can be made for 30 days immediately following the termination.
If within 30 days following the termination by the Secretary of
an installment agreement the taxpayer files an appeal with the
IRS Office of Appeals, no levy can be made while the termination
is being considered by Appeals.  Sec. 6331(k)(2)(D); sec.
301.6331-4(a)(1), Proced. & Admin. Regs.  However, where a
taxpayer receives a Letter 1058, but does not timely request a
hearing, a second notice of intent to levy sent after termination

of an installment agreement does not entitle the taxpayer to a hearing under section 6330.  Orum v. Commissioner, 123 T.C. 1, 11 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

The parties agree that petitioners' first request for a hearing under section 6330 in response to the first notice of intent to levy was timely.  Petitioners' timely request did not result in a section 6330 hearing because shortly after the request was made the parties entered into an installment agreement and petitioners therefore withdrew their first request for a section 6330 hearing.  There is no doubt that petitioners' second request for a section 6330 hearing (made on May 11, 2005) was not timely, whether we construe it as a response to respondent's first notice of intent to levy (made in February 2004) or as a response to respondent's second notice of intent to levy (made in December 2004).  Petitioners do not claim otherwise.[8]

---

[8]Petitioners, expecting to receive yet another, "final", notice before collection by levy, ignored the second notice of intent to levy.  They did so at their peril, because no further notice was in fact required for the Secretary to proceed with collection by levy.  The Secretary is required to issue a sec. 6330 notice only once for each taxable year, and this was done by means of the first notice of levy.  Petitioners do not claim otherwise.  Even if the Secretary had issued another, "final" notice of intent to levy, petitioners would not have been entitled to a sec. 6330 hearing.  See Orum v. Commissioner, 123 T.C. 1, 11 (2004), affd. 412 F.3d 819 (7th Cir. 2005); sec. 301.6330-1(b)(2), Q&A-B4, Proced. & Admin. Regs.

Petitioners' claim that this Court has jurisdiction centers on the continuing validity, in their view, of their first request for a section 6330 hearing. Petitioners posit that they withdrew their first request for a section 6330 hearing only because they had obtained an installment agreement with respondent; once respondent had terminated the installment agreement (unjustifiably so, according to petitioners), petitioners' first request for a section 6330 hearing was revived. Petitioners then assert that as they were entitled to a section 6330 hearing but were instead given an equivalent hearing, respondent's decision letter (issued as a consequence of the equivalent hearing) was a "determination" for purposes of section 6330 and thus this Court has jurisdiction.

Respondent's position is that petitioners' first request for a section 6330 hearing, having been withdrawn by petitioners, became ineffective and was not resuscitated by the termination of the installment agreement. Petitioners' second request for a section 6330 hearing, according to respondent, constituted a request for an equivalent hearing (because it was not a timely request for a section 6330 hearing), which respondent duly conducted. Thus, respondent asserts, the equivalent hearing gave rise to a decision letter, which is not a "determination" under section 6330. We agree with respondent.

The withdrawal of a request for a section 6330 hearing constitutes an exception to the general rule requiring a hearing

in response to a timely request.  Such a hearing is, in turn, a prerequisite for the Secretary's issuance of a notice of determination.  There is no statutory authority for the proposition that a withdrawn request for a section 6330 hearing may be automatically reinstated by subsequent events such as the termination of an installment agreement.  Nor are petitioners able to point to any provision in the installment agreement (or in their withdrawal of their request for a section 6330 hearing) that would lead to that outcome.  Indeed, in their withdrawal request, petitioners explicitly agreed to give up their right to seek judicial review of the notice of determination that would have been issued by the Appeals Office.[9]  Even though no section 6330 hearing was held, petitioners obtained exactly what the section 6330 hearing is designed to accomplish, a payment alternative in the form of an installment agreement.

Because petitioners withdrew their request for a section 6330 hearing, respondent did not (and was not required to) conduct a hearing, to be followed by a notice of determination. See sec. 301.6330-1(f), Proced. & Admin. Regs.  Petitioners' withdrawing the request for a section 6330 hearing has the same

---

[9]See Aguirre v. Commissioner, 117 T.C. 324 (2001), where we granted summary judgment against taxpayers who signed Form 4549, Income Tax Examination Changes, in which they waived the right to contest their tax liability in this Court and consented to the immediate assessment and collection of tax.

effect as did the failure to timely request a section 6330 hearing in Orum v. Commissioner, supra at 11.

While admitting that their November 2004 payment was not timely and that they failed to make estimated tax payments as required by the installment agreement, petitioners contend that respondent unjustifiably terminated the installment agreement. Petitioners do not allege that the termination of the installment agreement was the result of clerical error, misdirected mail, or the like. They do not dispute that they received the statutory notices to which they were entitled, were afforded an equivalent hearing in response to their second (untimely) request for a section 6330 hearing, and obtained immediate relief from the levy on their bank account upon respondent's receipt of their second request for a section 6330 hearing. Petitioners also do not dispute that at the time of the equivalent hearing in November of 2005, they were not in compliance with their obligations under the installment agreement.

Based on the aforesaid, we hold that petitioners were not entitled to a section 6330 hearing, and respondent was not required to issue a notice of determination. Respondent's decision letter was not a determination for purposes of section

6330.  Accordingly, this Court does not have jurisdiction to review respondent's decision to proceed by levy.[10]

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal for lack of jurisdiction</u>

<u>will be entered</u>.

---

[10]In view of our holding that we lack jurisdiction, we need not address the issue of whether, as petitioners argued at trial and on brief, respondent abused his discretion in proceeding with collection by levy.  However, for the sake of completeness, we note that we do not find petitioners' position persuasive.