T.C. Memo. 2007-263

UNITED STATES TAX COURT

LESTER RONALD COLEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1621-06L.                    Filed August 30, 2007.

Lester Ronald Coleman, pro se.

<u>Robert W. Dillard</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to sections
6320 and 6330, of respondent's determination to proceed with the
collection of petitioner's income tax liabilities for taxable
years 1994 and 1995.[1]  The issue to be decided is whether

---

[1]Unless otherwise indicated, all Rule references are to the
(continued...)

respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's tax liabilities for taxable years 1994 and 1995.

## Background

None of the facts were stipulated.  At the time of filing the petition in the instant case, petitioner resided in Orlando, Florida.

Petitioner failed to file timely income tax returns for taxable years 1994 and 1995.  On March 11, 2002, petitioner filed late his income tax returns for the taxable years 1994 and 1995.

On February 25, 2000, respondent sent petitioner the Notices of Deficiency for taxable years 1994 and 1995.  On May 16, 2003, respondent mailed to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (Levy Notice).  Petitioner received the Levy Notice but did not request a hearing.

Subsequently, respondent and petitioner met for an audit reconsideration of petitioner's taxable years 1994 and 1995.  On October 4, 2004, petitioner signed Form 4549, Income Tax Examination Changes (Form 4549), consenting to the immediate assessment and collection of tax liabilities for 1994 and 1995.

On February 2, 2005, respondent mailed to petitioner a notice of Federal tax lien (lien notice) for the taxable years

---

[1](...continued)
Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

1994 and 1995. On the basis of the lien notice, petitioner timely sent respondent a Form 12153, Request for a Collection Due Process Hearing. At the hearing, petitioner disputed only his tax liabilities for the taxable years 1994 and 1995. Petitioner did not offer any collection alternatives at the hearing.

On December 16, 2005, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) under section 6320 and/or 6330. Petitioner timely petitioned the Court.

## Discussion

Section 6320(a)(1) requires the Secretary to give persons liable to pay taxes written notice of the filing of a tax lien. Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such persons of the right to request a hearing in respondent's Appeals Office.

Section 6320(c) provides that an Appeals Office hearing generally should be conducted consistently with the procedures set forth in section 6330(c), (d), and (e). The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person against whom the lien or levy is made may raise any relevant issues relating to the unpaid tax or lien, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection

alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax liability, however, only if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). For purposes of section 6330(c)(2)(B), a person who has waived his or her right to challenge the proposed assessments is deemed to have had the opportunity to dispute tax liabilities and is thereby precluded from challenging those tax liabilities in the hearing or before this Court. Aguirre v. Commissioner, 117 T.C. 324, 327 (2001).

In the instant case, by signing Form 4549, petitioner waived his right to raise the issue of his underlying tax liabilities in Tax Court. Id. Form 4549 states:

> Consent to Assessment and Collection-I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties as shown above, plus additional interest as provided by law.

Accordingly, we hold that petitioner may not raise the underlying tax liabilities in the instant case.[2]

---

[2] Respondent also contends that petitioner is not entitled to raise the underlying tax liabilities because petitioner failed to request a hearing on the Levy Notice. We need not address this issue.

Assuming arguendo that petitioner is entitled to raise the underlying tax liabilities in the instant case, petitioner's only contention with respect to the underlying tax liabilities is that Form 4549 shows that he is due a refund. In response to petitioner's argument, respondent contends that the amounts shown on the Form 4549 were actually an abatement of previously assessed tax liabilities for taxable years 1994 and 1995 and that the underlying tax liabilities properly reflect the abatement. We agree with respondent.

Petitioner has misinterpreted the Form 4549, which clearly shows that petitioner was given an abatement of his taxes for taxable years 1994 and 1995. The transcripts of account in the record show that the abated amounts were credited against the assessments and that respondent does not seek to collect those amounts in the instant action.[3]

Petitioner did not raise any issues relating to appropriate spousal defenses, challenges to the appropriateness of collection actions, or collection alternatives at the hearing or in his petition. Accordingly, we hold that the decision of respondent's

---

[3] Petitioner also contends that he did not receive the notices of deficiency. The record contains a certificate of mailing of the notices of deficiency to petitioner on Feb. 25, 2000. Because petitioner signed Form 4549, we need not address the issue of whether he received the notices of deficiency.

Appeals Office to sustain the proposed lien against petitioner was not an abuse of discretion and respondent may proceed with collection.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent.</u>