T.C. Summary Opinion 2007-173


UNITED STATES TAX COURT


GREG GRIFFIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5870-06S.                 Filed October 9, 2007.


Greg Griffin, pro se.

<u>Karen N. Sommers</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This is an appeal under section 6330(d)(1) from respondent's determinations to uphold the filing of the Notice of Federal Tax Lien (NFTL) and to proceed with proposed levy action. Respondent contends that petitioner waived his right to challenge collection of his tax liabilities for 1988 and 1989 because he signed Forms 4549-CG, Income Tax Examination Changes.[1] The issues for decision are whether: (1) Petitioner is precluded from challenging the underlying tax liabilities in this proceeding; and (2) respondent's determinations to uphold the filing of the NFTL and to proceed with the proposed levy were an abuse of discretion.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Imperial, California.

Petitioner failed to file Federal income tax returns for 1988 and 1989. Respondent issued to petitioner notices of

---

[1] In general, Form 4549-CG provides a waiver whereby the taxpayer consents to the immediate assessment and collection of the tax and waives the right to the issuance of a notice of deficiency and any rights to appeal.

deficiency with respect to 1988 and 1989. Petitioner did not file timely petitions with this Court in response to the notices of deficiency, and the deficiencies were assessed.

On March 17, 1997, petitioner filed his 1988 and 1989 Federal income tax returns. Respondent abated the assessments down to the amount shown on petitioner's returns. Thereafter, petitioner requested audit consideration, and respondent initiated an examination of petitioner's return. During the examination, the revenue agent proposed additional assessments for each year, and petitioner signed Forms 4549-CG on June 21, 1999. The Forms 4549-CG show deficiencies of $3,036 and $2,695 for 1988 and 1989, respectively.

Respondent issued a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, on June 23, 2005. On June 24, 2005, respondent's revenue officer filed an NFTL at the County Recorder, San Diego, California. On June 29, 2005, respondent's revenue officer issued a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. Petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, with respect to both notices. Respondent consolidated the hearings into one proceeding. In communications with the Appeals officer, petitioner sought to challenge the underlying tax liabilities and would not offer any alternatives to collection. Because petitioner intended to seek

audit reconsideration, the face-to-face hearing was not held, and the Appeals officer issued the Notice of Determination.

## Discussion

1. Challenges to the Underlying Tax Liabilities

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes, interest, additional amounts, additions to tax, and costs that may accrue in addition thereto if there has been a demand for payment and the person has failed to pay.  The lien arises at the time of assessment.  Sec. 6322.  In order for the Federal tax lien to have priority over other liens or security interests, the Secretary must file an NFTL.  Sec. 6323(a); Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Generally, section 6320(a) states that the Secretary must give the person against whom a Federal tax lien is filed written notice of the lien's filing within 5 business days after the date of its filing.  Section 6320(b) also provides the taxpayer with an opportunity for a hearing before the Office of Appeals.  The hearing is conducted pursuant to subsections (c), (d), and (e) of section 6330.  Sec. 6320(c).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay the taxes within 10 days after a notice and demand for payment.  Section 6331(d) provides that the levy may be made

only if the Secretary has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and the taxpayer's right to a hearing at least 30 days before the Service can collect a tax by levy.

At the hearing, the taxpayer may raise challenges to the existence or amount of the underlying tax liability if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  This Court has decided that for purposes of section 6330(c)(2)(B), if a taxpayer signed a Form 4549-CG and waived his right to challenge the proposed assessments, then he is deemed to have had an opportunity to dispute his tax liabilities and is thereby precluded from challenging them.  Zapara v. Commissioner, 124 T.C. 223, 228 (2005); Aguirre v. Commissioner, 117 T.C. 324, 327 (2001).

Putting aside petitioner's receiving notices of deficiency and failing to respond, which precludes review by this Court under section 6330(c)(2)(B), he signed the Forms 4549-CG.  He thereby explicitly waived his right to contest the existence or the amount of the underlying liabilities in this Court and is deemed to have had a prior opportunity to dispute his liabilities within the meaning of section 6320(c)(2)(B).  Accordingly, respondent's determination is sustained.

2. <u>Abuse of Discretion</u>

A taxpayer may appeal the Commissioner's determination with this Court within a 30-day period starting on the day after the date of the Notice of Determination.  Sec. 6330(d)(1).  In reviewing the Commissioner's determination, this Court applies an abuse of discretion standard.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

In making a determination, the Appeals officer must consider the following:  (1) Whether any applicable law or administrative procedure has been followed; (2) the issues properly raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

The applicable laws and administrative procedures were satisfied since petitioner received the required notices and was advised of his rights for a hearing within the timeframes mandated by sections 6303, 6320, and 6330.

The Appeals officer did not consider any issues raised by petitioner because:  (1) The underlying tax liabilities were not properly at issue; and (2) she could not consider any collection alternatives since petitioner refused to suggest any, he refused to provide the required financial information, and he chose not to proceed with the hearing.

The Appeals officer balanced the need for efficient collection of taxes against petitioner's concern over the action's intrusiveness.

Had petitioner proceeded with the hearing, an alternative collection action might have been considered.  The Court notes that there was sufficient evidence introduced at trial indicating that if petitioner goes through the proper procedural steps (i.e., requesting audit reconsideration or submitting an offer-in-compromise), he might receive administrative relief.

Therefore, the Court concludes that respondent's Appeals officer did not abuse her discretion in upholding the filing of the NFTL and the proposed levy action.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.