T.C. Memo. 2009-296

UNITED STATES TAX COURT

MABRIE L. AND MARGARET F. GILMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19981-06L.          Filed December 22, 2009.

Mabrie L. Gilmer and Margaret F. Gilmer, pro sese.

<u>Marshall R. Jones</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent sent a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination) to petitioners with respect to a notice
of lien filed to collect petitioners' unpaid Federal income tax
liabilities for tax years 1997 through 2003.  In response,

petitioners timely filed a petition pursuant to section 6330(d)[1] seeking review of respondent's determination.  The issues to be decided are:  (1) Whether petitioners may raise issues relating to the underlying tax liabilities for the taxable years in issue; (2) whether, in refusing to withdraw the notice of Federal tax lien, respondent's Appeals officer abused her discretion; and (3) whether petitioners may raise arguments relating to an abatement of interest for the taxable years in issue.

## Background

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion and are found accordingly.

At the time they filed their petition, petitioners resided in Mississippi.

As of August 16, 2004, petitioners had not filed Federal income tax returns for tax years 1997 through 2003.

On August 16, 2004, respondent filed substitute Federal income tax returns (substitute returns), under section 6020(b), for tax years 1997 through 2002 for petitioner Mabrie L. Gilmer (Mr. Gilmer).[2]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.

[2]The parties appear to agree that respondent also filed substitute returns for petitioner Margaret F. Gilmer for those same years, but those returns are not in the record.

On August 24, 2004, respondent sent Mr. Gilmer a Letter 950 (30-day letter) for tax years 1997 through 2002.[3]

On September 28, 2004, petitioners timely informed respondent that they did not agree with the adjustments proposed in respondent's 30-day letter.

On January 20, 2005, petitioners filed joint Federal income tax returns for tax years 1997 through 2002.

On February 17, 2005, petitioners signed a Form 4549, Income Tax Examination Changes.

Petitioners consented to assessment of the following tax liabilities for the 1997 through 2002 tax years:

| Year | Form 1040 tax liability | Form 4549 tax increase | Form 4549 penalty | Total |
|------|------------------------|------------------------|-------------------|-------|
| 1997 | $17,887 | $7,517 | $1,879.25 | $27,283.25 |
| 1998 | 27,233 | 23,736 | 5,933.75 | 56,902.75 |
| 1999 | 13,288 | 8,568 | 2,141.75 | 23,997.75 |
| 2000 | 9,763 | 20,484 | 4,869.50 | 35,116.50 |
| 2001 | 19,153 | 3,407 | 852.00 | 23,412.00 |
| 2002 | 15,708 | (1,256) | (314.00) | 14,138.00 |
| Total | 103,032 | 62,456 | 15,362.25 | 180,850.25 |

On March 28, 2005, petitioners filed a joint Federal income tax return for tax year 2003 and reported a total tax liability of $19,177. Petitioners' total agreed tax liability for tax years 1997 through 2003 (including penalties for tax years 1997 through 2002) was $200,027.25.

---

[3]It is not clear whether respondent also sent a 30-day letter to petitioner Margaret F. Gilmer.

On August 25, 2005, respondent filed, in Warren County, Mississippi, a notice of Federal tax lien (NFTL) against petitioners for tax years 1997 through 2003. On September 1, 2005, respondent sent to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL notice) with respect to petitioners' tax liabilities for tax years 1997 through 2003. The NFTL notice listed petitioners' unpaid tax liabilities for tax years 1997 through 2003 as $194,867.78.

On September 30, 2005, petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing, in which petitioners disputed the amounts of their tax liabilities for tax years 1997 through 2003.

On April 11, 2006, petitioners and respondent participated in a telephone hearing. During the hearing, petitioners raised issues concerning the proper amount of their tax liabilities for tax years 1997 through 2002. Petitioners claimed that the amounts stated in the NFTL notice were greater than the amounts of unpaid liabilities set forth in the Form 4549. The settlement officer's notes indicate that for tax years 1997 through 2001 respondent's records erroneously reflected the tax liability attributed to petitioner Margaret F. Gilmer in the SFR prepared by respondent rather than reflecting the joint return liability shown on the Form 4549. The settlement officer subsequently

corrected petitioners' outstanding liabilities, including the associated penalties and interest.

By letter dated September 1, 2006, respondent sent petitioners a notice of determination upholding the filing of the NFTL.

By letter dated September 7, 2007, petitioners requested that respondent "waive the penalties and interest charged against us."

<u>Discussion</u>

Section 6320(a)(1) requires the Commissioner to give any person liable to pay tax (hereinafter referred to as a taxpayer) written notice of the filing of a tax lien upon that taxpayer's property.  The notice must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office.  Sec. 6320(a)(3)(B) and (b)(1).  Section 6330(c), (d), and (e) generally governs the conduct of a hearing requested under section 6320.  Sec. 6320(c).

At the hearing, the taxpayer may raise any relevant issues including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  However, the taxpayer may challenge the underlying tax liability only if the taxpayer did not receive a statutory notice of deficiency for the tax liability and did not otherwise have an opportunity to dispute

the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Generally, this Court will not review issues raised under section 6330(c)(2) if they were not raised at the Appeals hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). This Court may, however, consider an issue raised by a taxpayer under section 6330(c)(1) even if the issue was not raised at the Appeals hearing. See Hoyle v. Commissioner, 131 T.C. ___ (2008).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Underlying Tax Liability

For purposes of section 6330(c)(2)(B), a taxpayer who has waived his or her right to challenge the proposed assessments by signing Form 4549 is deemed to have had the opportunity to dispute the underlying tax liability and is precluded by such waiver from challenging the underlying tax liability in the

Appeals Office hearing or before this Court.[4]  Aguirre v. Commissioner, 117 T.C. 324, 327 (2001).  Because petitioners signed Form 4549, they are deemed to have had the opportunity to dispute the underlying tax liabilities reported in the Form 4549 for their tax years 1997 through 2002.  Id.  Accordingly, petitioners may not dispute their underlying tax liabilities, as stated on Form 4549, for their tax years 1997 through 2002. Petitioners did not raise any issues concerning their Federal income tax liability for tax year 2003 at the Appeals hearing. Petitioners are thereby precluded from disputing their underlying tax liability, as stated in their Federal income tax return, for tax year 2003, see Giamelli v. Commissioner, supra at 115, except insofar as the underlying liability deviates from those reflected on the Form 4549, see Urbano v. Commissioner, 122 T.C. 384, 391-392 (2004).

Determination To Sustain Notice of Federal Tax Lien

Petitioners contend that the NFTL should be withdrawn because the amount shown on the NFTL is greater than the amount that petitioners' owe.  Petitioners agreed, by signing Forms 1040, U.S. Individual Income Tax Return, and 4549, that their

---

[4]A taxpayer could, however, challenge a liability that was not reflected on the Form 4549.  Urbano v. Commissioner, 122 T.C. 384, 391-392 (2004).

total tax liability[5] for tax years 1997 through 2003 was $200,027.25.[6]  The NFTL notice indicated a lien amount of $194,867.78.  We conclude that the NFTL, at the time of filing, was not significantly greater than petitioners' outstanding liability for tax years 1997 through 2003.  Accordingly, we hold that respondent's settlement officer did not abuse her discretion or err in determining that the NFTL was proper.

Petitioners also argue that respondent filed two NFTLs, each totaling $194,867.78, against petitioners for the unpaid Federal income tax liabilities for tax years 1997 through 2003.  Petitioners base their assertion on the fact that the lien appears twice on their credit reports.  Petitioners offer no evidence to indicate that respondent actually filed the NFTL twice as opposed to there being an error on their credit reports.  Accordingly, we hold that petitioners have not shown that respondent filed the NFTL twice for the same tax liability.

Respondent's settlement officer reviewed computer transcripts of each of the taxable years in issue and concluded that all requirements of applicable law were met.  Petitioners

---

[5]This includes penalties attributable to the 1997 through 2002 tax years but does not include any penalties attributable to the 2003 tax year and does not include any accrued interest for any of the years in issue.

[6]It is not clear from the record exactly what petitioners' balance, as decreased by withholdings and other payments and increased by accrued interest and penalties, was at the time the NFTL was filed.

did not challenge, in their petition to this Court or in their posttrial brief, the settlement officer's verification of compliance with applicable law.[7]  The settlement officer did not consider a collection alternative for petitioners because petitioners had indicated that they planned to submit an offer-in-compromise in the future.  The settlement officer concluded that none of the conditions existed that would allow withdrawal of a lien without full payment pursuant to section 6323(j).  For the foregoing reasons, we hold that respondent's settlement officer did not abuse her discretion in determining that respondent could proceed with collection of petitioners' outstanding liabilities for tax years 1997 through 2003.

Abatement of Interest and Penalties

Petitioners have also requested an abatement of interest and penalties.  Section 6404(e) authorizes the Commissioner to abate interest assessments that are attributable to errors or delays by the Internal Revenue Service in performing ministerial or

---

[7]Petitioners did assert in their posttrial brief that they never received a notice of deficiency.  Petitioners' tax liabilities were based on Federal income tax returns they filed and amounts shown on Form 4549, which they signed, consenting to immediate assessment and collection of the amounts shown thereon. Accordingly, no notice of deficiency was required before the assessment of the liabilities in issue, so the mailing of a notice of deficiency was not a requirement of applicable law. See sec. 6201; Manko v. Commissioner, 126 T.C. 195, 200 n.2 (2006); Aguirre v. Commissioner, 117 T.C. 324 (2001).

managerial acts. Pursuant to section 6404(h),[8] this Court has jurisdiction to review the Commissioner's failure to abate interest (but not penalties) if such an action is brought within 180 days after the mailing of the Commissioner's final determination not to abate such interest. The Commissioner's final determination "is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court." Bourekis v. Commissioner, 110 T.C. 20, 26 (1998).

Petitioners' request for abatement was sent to respondent in September 2007, more than a year after respondent issued the notice of determination that is in issue in the instant proceeding. Accordingly, that notice of determination could not possibly have been respondent's final determination on an abatement request that respondent had not yet received, and therefore the abatement issue is not properly before the Court.[9]

---

[8]The provision for Tax Court review of interest abatement determinations was enacted as sec. 6404(g). Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 302(a), 110 Stat. 1457 (1996). The provision was then redesignated after some of the years in issue, first as sec. 6404(i) by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745, and then as sec. 6404(h) by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2435 (2002). The provision as enacted and redesignated applies to requests for abatement after July 30, 1996. TBOR 2 sec. 302(b), 110 Stat. 1458. To avoid confusion, references herein will be to the current designation.

[9]Because petitioners did not raise the issue of abatement during the Appeals hearing, the instant case is distinguishable

(continued...)

<u>Giamelli v. Commissioner</u>, 129 T.C. 107 (2007).  Petitioners point to nothing else in the record that could be construed as a final determination by respondent on petitioners' request for abatement.  Moreover, respondent's failure to act on a request for abatement within a reasonable time does not constitute a final determination for section 6404(h) purposes.  See <u>Ward v. Commissioner</u>, T.C. Memo. 2007-374; <u>Cho v. Commissioner</u>, T.C. Memo. 1998-363.  Accordingly, we hold that this Court does not have jurisdiction to consider petitioners' request for abatement of interest and penalties.  See <u>Giamelli v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[9](...continued)
from <u>Wright v. Commissioner</u>, 571 F.3d 215 (2d Cir. 2009), revg. T.C. Memo. 2006-273, which held that a notice of determination issued after a sec. 6330 hearing may serve as a final determination for purposes of sec. 6404(h) where abatement was raised during the hearing.  See also <u>MacDonald v. Commissioner</u>, T.C. Memo. 2009-240.