T.C. Memo. 2012-138

UNITED STATES TAX COURT

SHAWN MICHAEL LEWIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1540-10L.                    Filed May 16, 2012.

Shawn Michael Lewis, pro se.

<u>Miriam C. Dillard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  This case arises from a petition for judicial review filed in

response to a Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330.[1]  The only issue for decision is whether respondent may proceed with the proposed levy action to collect petitioner's income tax liabilities for tax years 1999, 2000, 2001, and 2003 as well as trust fund recovery penalty assessments for the first and second quarters of tax year 2001.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the exhibits received in evidence are incorporated herein by this reference.  Petitioner resided in Florida when the petition was filed.

On August 11, 2005, petitioner filed a voluntary chapter 11 bankruptcy petition.  Respondent filed a proof of claim in the bankruptcy case on November 14, 2005, and an amended proof of claim on January 17, 2006, for petitioner's income tax liabilities for tax years 1999, 2000, 2001, and 2003 and for petitioner's trust fund recovery penalty assessments for the first and second quarters of tax year 2001.  On or about June 14, 2006, petitioner filed individual Federal income tax returns for tax years 1999, 2000, and 2001.  On June 29, 2006, respondent filed a second amended proof of claim revising the amounts claimed in light of petitioner's recently filed tax returns for tax years 1999, 2000, and 2001.  On July 7,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.

2006, petitioner filed an objection to respondent's second amended proof of claim in the bankruptcy proceeding. On July 26, 2006, the bankruptcy court confirmed petitioner's chapter 11 plan over respondent's objection.

On August 3, 2006, respondent filed a response to petitioner's objection to respondent's second amended proof of claim. An evidentiary hearing on the objection was scheduled for October 12, 2006. This hearing was continued to February 21, 2007, and was continued again to March 7, 2007. At the March 7, 2007, hearing, petitioner withdrew his objection to respondent's second amended proof of claim.

Following the bankruptcy proceeding respondent continued to examine petitioner's income tax returns for tax years 1999, 2000, and 2001. As a result of the ongoing examination petitioner and respondent agreed to a partial abatement of tax and additions to tax for tax year 1999 and to additional assessments of tax and additions to tax for tax years 2000 and 2001. Petitioner signed Form 4549, Income Tax Examination Changes, agreeing to these changes.[2] The abatement for tax year

---

[2]There does not appear to be any actual documentary evidence in the record of petitioner's signing Form 4549. There is neither a copy of the signed Form 4549 nor a recording entry in respondent's transcript showing that one was signed. However, petitioner does not dispute that he assented to the changes and testified at trial that he likely signed Form 4549.

1999 and the additional assessments for tax years 2000 and 2001 were made on December 24, 2007.

On April 10, 2008, respondent sent petitioner Letter 1058, Final Notice, Notice of Intent to Levy and Your Right to a Hearing, for the tax periods at issue. On May 5, 2008, petitioner requested a collection due process (CDP) hearing for the tax periods at issue. In the letter attached to his CDP hearing request petitioner also requested a face-to-face CDP hearing.

Petitioner's CDP case was first assigned to Settlement Officer D. Varnerin (SO Varnerin) in the Internal Revenue Service (IRS) Office of Appeals in Plantation, Florida (Plantation office). On July 21, 2009, the Plantation office sent petitioner a letter which listed SO Varnerin as the person to contact. On August 7, 2009, SO Varnerin and petitioner discussed the case in a telephone conversation. In this conversation petitioner reiterated his request for a face-to-face CDP hearing. SO Varnerin informed petitioner that he was not currently in compliance with his Federal income tax filing requirements for tax years 2006 and 2008 and that he had not made estimated tax payments for tax years 2008 and 2009. Petitioner told SO Varnerin that he had indeed filed his 2006 tax return and that he was not required to file returns or pay estimated taxes for 2008 and 2009 because he was unemployed and was receiving government assistance. SO Varnerin advised petitioner that if he

could provide verification of his compliance, SO Varnerin would transfer the case to the Jacksonville, Florida, Office of Appeals (Jacksonville office) for a face-to-face CDP hearing.

On August 10, 2009, petitioner sent SO Varnerin a letter formally requesting that the case be transferred to the Jacksonville office for a face-to-face CDP hearing. Attached to this letter were the documents required to verify petitioner's compliance. SO Varnerin inspected the documents and verified that petitioner was in compliance. SO Varnerin then transferred petitioner's CDP case to the Jacksonville office.

At the Jacksonville office, petitioner's CDP case was assigned to Settlement Officer J. Breazeale (SO Breazeale). On August 21, 2009, SO Breazeale sent a letter informing petitioner that he had been assigned to petitioner's case. The letter further requested that petitioner contact SO Breazeale within 14 days of the date of the letter to schedule a CDP hearing. The letter also explained that for collection alternatives to be considered, petitioner should submit a proposal to resolve the outstanding balance and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with supporting documents.

After receiving the letter dated August 21, 2009, petitioner called SO Breazeale and left him a voice mail message. In his message petitioner again stated his desire to be granted a face-to-face CDP hearing. On September 9, 2009, SO Breazeale returned petitioner's call. In this phone conversation petitioner restated his request for a face-to-face CDP hearing. Petitioner also reasserted his contention that he was under the protection of a chapter 11 bankruptcy plan and restated his desire to offer collection alternatives. SO Breazeale advised petitioner that to be considered for collection alternatives he would have to submit the forms and documents listed in the letter dated August 21, 2009. Petitioner agreed to provide the documentation and asked whether he could have until September 14, 2009, to mail the documents. SO Breazeale agreed. This phone call lasted approximately 10.5 minutes.

Shortly following the September 9, 2009, phone call petitioner mailed an assortment of financial documents to SO Breazeale.[3] SO Breazeale claims to have never received these documents. Petitioner and SO Breazeale had no further communication after this time until December 21, 2009, when SO Breazeale issued to petitioner the notice of determination sustaining the proposed levy. On January

---

[3]Petitioner testified at trial that he did not include a Form 433-A in this package of documents.

19, 2010, petitioner filed a petition with this Court for review of SO Breazeale's determination.

OPINION

Under section 6331, if a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person. A taxpayer may appeal the proposed levy to the IRS under section 6330 by requesting an administrative hearing. If an adverse determination is reached, the taxpayer is afforded the opportunity for judicial review of the determination in the Tax Court. Sec. 6330(d). Here, petitioner seeks review of respondent's determination that the proposed levy be sustained.

I. Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C.

176, 181-182 (2000).  An abuse of discretion is any action that is arbitrary, capricious, or without sound basis in law or fact.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The underlying tax liability may be properly at issue at a collection due process hearing only when the taxpayer has not received a notice of deficiency or has not otherwise had an opportunity to challenge the liability.  Sec. 6330(c)(2)(B).  Where a taxpayer has filed a bankruptcy action and the Commissioner has submitted a proof of claim for unpaid Federal tax liabilities, the taxpayer has had the opportunity to challenge the underlying tax liability for the purposes of section 6330(c)(2)(b).  See Kendricks v. Commissioner, 124 T.C. 69, 77-79 (2005).  Additionally, a taxpayer who consents to additional assessments by signing Form 4549 is also deemed to have had the opportunity to dispute his or her tax liability for the years included in the Form 4549.  Aguirre v. Commissioner, 117 T.C. 324, 327 (2001).

Respondent submitted a proof of claim in petitioner's bankruptcy action on November 14, 2005, an amended proof of claim on January 17, 2006, and a second amended proof of claim on June 29, 2006.  Petitioner's chapter 11 bankruptcy plan was confirmed on July 26, 2006.  After the confirmation of his bankruptcy plan, petitioner signed Form 4549 agreeing to a partial abatement of tax and additions to

tax for tax year 1999 and to additional assessments of tax and additions to tax for tax years 2000 and 2001. Since petitioner had the opportunity to dispute the underlying liabilities for the tax years at issue in bankruptcy court and has waived the opportunity to dispute the adjustments made thereafter, his underlying tax liabilities are not properly at issue in this case. Accordingly, the applicable standard of review is for abuse of discretion.

## II. Abuse of Discretion

Section 6330 requires the Commissioner to give the taxpayer notice of a proposed levy and notice of the right to a fair hearing before an impartial officer of the IRS Office of Appeals. Sec. 6330(a) and (b). At the hearing the taxpayer may raise appropriate spousal defenses, challenge the appropriateness of collection actions, and offer collection alternatives. Sec. 6330(c)(2)(A). Additionally, as discussed supra, the taxpayer may challenge the existence or amount of the underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the underlying liability. Sec. 6330(c)(2)(B).

At the hearing, generally, the Appeals officer must consider the above-stated issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedure have been met, and consider whether "any proposed

collection action balances the need for efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Underlying liability and other section 6330(c)(2) issues must be raised at the Appeals hearing to be properly raised before this Court. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007).

Petitioner's CDP hearing request raised the following issues with respect to the review of his case: (1) that petitioner was willing to offer collection alternatives; (2) that the amounts respondent claimed were inaccurate in that they did not reflect amounts paid to respondent through a liquidating trust in bankruptcy; (3) that petitioner was under the protection of his confirmed chapter 11 bankruptcy plan; (4) that the requirements of applicable law and administrative procedure had not been met; and (5) that sustaining the proposed levy would place undue hardship on petitioner and would be more intrusive than necessary. The request went on to offer background on petitioner's underlying bankruptcy action and outlined his current financial difficulties. Additionally, petitioner's request noted his desire to have a face-to-face CDP hearing in light of the complex nature of his case.

After over a year without a response petitioner was finally notified that his case had been assigned to SO Varnerin in the Plantation office. SO Varnerin,

upon verification of compliance with applicable filing and estimated tax requirements, transferred petitioner's case to the Jacksonville office so that he could be afforded a face-to-face CDP hearing. The case was subsequently reassigned to SO Breazeale.

SO Breazeale did not afford petitioner a face-to-face CDP hearing as requested. SO Breazeale also did not afford petitioner a scheduled telephone CDP hearing. It seems that the only communication between petitioner and SO Breazeale from the notification letter on August 21, 2009, to the issuance of the notice of determination on December 21, 2009, was the phone call on September 9, 2009, which lasted approximately 10.5 minutes. The expressed purpose of this phone call was to discuss petitioner's request for a face-to-face CDP hearing.

During the call petitioner reasserted his desire for a face-to-face conference on the basis of the complexity of his bankruptcy issues, asked for a total of his liabilities, and restated his desire to explore collection alternatives. SO Breazeale advised petitioner that he would have to submit the financial documentation requested in his previous letter in order to be eligible for collection alternatives. At no point did SO Breazeale indicate that the phone call would constitute petitioner's CDP hearing. SO Breazeale had no further contact with petitioner until the issuance of the notice of determination on December 21, 2009.

SO Breazeale's determination to sustain the proposed levy was based solely on petitioner's failure to provide him with the requested documentation necessary to consider collection alternatives. Petitioner has testified that he mailed financial documentation[4] to SO Breazeale timely. Respondent claims that those documents were never received. Regardless of this dispute, SO Breazeale made his determination without following up with petitioner after the September 9, 2009, phone conversation. Similarly, SO Breazeale made his determination without reviewing any of the issues that petitioner raised with respect to his chapter 11 bankruptcy plan or the alleged default on that plan. All of these determinations were made without the benefit of a scheduled CDP hearing in any format. In reviewing the administrative record, it is difficult to conclude that SO Breazeale dedicated much effort to a meaningful review of the issues presented by petitioner's CDP hearing request.

Respondent does a commendable job of attempting to argue that each individual defect in SO Breazeale's administrative review can be rebutted to show that said defect was not an abuse of discretion. However, respondent's argument seeks to quilt together a string of exceptions to account for SO Breazeale's

---

[4]Petitioner testified at trial that he did not mail in Form 433-A but did send an assortment of other financial records and the records relating to his ch. 11 bankruptcy proceeding.

deviation from what one would consider a thorough review of petitioner's case. While each individual defect on its own may be insufficient to support a holding that respondent abused his discretion, the cumulative effect of such defects demonstrates that SO Breazeale acted both arbitrarily and capriciously in rendering his determination.  Accordingly, the Court holds that respondent abused his discretion in sustaining the proposed levy.

The Court has considered all of the arguments made by the parties and, to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.